UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

UNITED STATES

-against-

VICTOR BONEFONT,

                                   Defendant.

------------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**12-CR-581-1 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Before the court is Defendant Victor Bonefont's motion for reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). (Ltr. Mot. for Resentencing ("Def. Mot.") (Dkt. 26).) For the reasons discussed below, Defendant's motion is GRANTED.

## I.    BACKGROUND

On September 13, 2012, an indictment was filed against Defendant on one count of importation of heroin, in violation of 21 U.S.C. §§ 952(a), 960(a)(1), and 960(b)(2)(A)), and one count of possession of heroin with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(i). (Indictment (Dkt. 8).) Defendant subsequently pleaded guilty to the importation of heroin. (See Jan. 15, 2013, Min. Entry (Dkt. 14).)

On June 14, 2013, the court sentenced Defendant to a 46-month term of imprisonment, a three-year term of supervised release, and a special assessment of $100. (J. (Dkt. 18).) The court calculated the 46-month term of imprisonment using the Drug Quantity Table of the U.S. Sentencing Guidelines ("USSG" or "Guidelines"): The Guidelines recommended a term of imprisonment of 46-57 months based on Defendant's total offense level of 21 (adjusted from 28 due to Defendant's minimal role as an internal courier and his acceptance of responsibility), and criminal history category of III, (see St. of Reasons (Dkt. 19) at 1; Def. Mot. at 1; Gov't Ltr. in

1

Resp. to Mot. ("Gov't Resp.") (Dkt. 28) at 2), and the court found that a sentence at the bottom of the Guidelines range was appropriate and reasonable, (see St. of Reasons at 3).

On January 7, 2014, Defendant filed a pro se motion for reduction in sentence, seeking a reduction in sentence based on his physical and mental ailments. (Jan. 7, 2014, Mot. for Resentencing (Dkt. 21).) The Government opposed the motion. (Apr. 1, 2014, Opp'n to Mot. for Resentencing (Dkt. 24).) In a Memorandum and Order, the court denied Defendant's motion. (Apr. 22, 2014, Mem. & Order (Dkt. 25).)

Through counsel, Defendant now seeks a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2), arguing that he qualifies for a reduction in sentence due to retroactive changes to the Drug Quantity Table. (See Def. Mot. at 1-2.)

## II.    LEGAL STANDARD

Pursuant to 18 U.S.C. § 3582(c)(2), a term of imprisonment may be modified "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(2). The Supreme Court has established a two-step inquiry to guide a district court in its consideration of a § 3582(c)(2) motion. See Dillon v. United States, 560 U.S. 817, 825 (2010); United States v. Christie, 736 F.3d 191, 194-95 (2d Cir. 2013). First, the district court must determine whether a defendant is "'eligible for a reduction in sentence.'" Christie, 736 F.3d at 194 (emphasis in original) (quoting United States v. Mock, 612 F.3d 133, 137 (2d Cir. 2010)). Second, if a defendant is eligible for resentencing, the court will then consider whether a reduction is warranted in the defendant's particular case. Dillon, 560 U.S. at 817.

Amendment 782 to the Guidelines, effective November 1, 2014, modified the base offense levels in the Drug Quantity Table in § 2D1.1 of the Guidelines, and thereby lowered the

2

sentencing range for drug-related offenses. See USSG App. C (Supp.) at 71. The Sentencing Commission made Amendment 782 retroactive for defendants sentenced before its effective date. See id. § 1B1.10(d) (listing Amendment 782 among amendments eligible for retroactive application). However, although Amendment 782 is "effective" November 1, 2014, a "court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later." Id. § 1B1.10(e)(1). Subsection (e)(1) does not preclude the court from conducting resentencing proceedings or entering orders pursuant to § 3582(c)(2) prior to November 1, 2015, so long as the effective date of the order is November 1, 2015, or later. See id. § 1B1.10 cmt. 6; see also, e.g., United States v. Vargas, No. 05-CR-1327 (VM), 2015 WL 708540, at *1 (S.D.N.Y. Feb. 10, 2015) (discussing effective dates and granting defendant's motion for a reduction in sentence, "effective on November 1, 2015").

If a defendant is eligible for a reduction in sentence, and the court proceeds to the second step of the Dillon analysis, the court must also determine whether a reduction in sentence is warranted in light of the factors enumerated in 18 U.S.C. § 3553(a). See Dillon, 560 U.S. at 827. Under § 3553(a), the court must consider, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant" and the need to "protect the public from further crimes of the defendant." See 18 U.S.C. § 3553(a). Additionally, where a reduction is authorized, § 1B1.10(b)(2)(A) of the Guidelines provides that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." USSG § 1B1.10(b)(2)(A). Furthermore, "[i]n no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served." Id. § 1B1.10(b)(2)(C).

## III.  APPLICATION

Defendant argues that in light of Amendment 782, his adjusted offense level is now 19 (a two-point reduction from his prior, adjusted offense level of 21), corresponding to an applicable Guideline range of 37-46 months of imprisonment. (Def. Mot. at 1.) The Government agrees that Defendant is eligible for resentencing. (See Gov't Resp. at 4.)

The court finds that Defendant is eligible for a reduction in sentence. Defendant's sentence for the single drug-related charge to which he pleaded guilty was based on the then-applicable Drug Quantity Table. Therefore, Amendment 782 applies to Defendant; had Amendment 782 been in effect in 2013 at the time of Defendant's sentencing, see USSG § 1B1.10(b), his adjusted offense level would have been 19 (not 21), and the Guidelines range for his sentence would have been 37-46 months of imprisonment (not 46-57 months).

The court next turns to whether to grant, in its discretion, a reduction in sentence. Under the Guidelines, the court is authorized to reduce Defendant's sentence by up to 9 months, from 46 months to as low as 37 months of imprisonment (the minimum under the amended Guideline range, see id. § 1B1.10(b)(2)(A)). Based on a consideration of Defendant's submission, as well as the prior submissions made in connection with his initial sentencing, and in light of the Government's lack of objection, the court finds that a reduction in sentence is warranted. As the court noted upon sentencing Defendant in 2013, Defendant's prior criminal history is troubling, but he should be commended for trying to turn his life around. (See June 14, 2013, Tr. of Criminal Cause for Sentencing (Dkt. 23) at 9:9-12.) Defendant expresses sincere remorse for his past conduct. (See, e.g., id. at 8:18-9:7.) Defendant continues to be plagued by medical and psychological issues that render prison confinement difficult. (See Def. Mot. at 2.) Finally, as discussed below, due to the effective date of Amendment 782 and

4

Defendant's upcoming release date, the reduction in sentence will amount to approximately only 2 fewer months of confinement, not the maximum of 9 months for which a prisoner in Defendant's position could otherwise qualify. (See id. ("[B]ecause of the limitation that no sentence reduction can go into effect until November 1, 2015, [Defendant] will serve a significantly longer sentence than he would if he committed this crime today even if the Court grants the maximum reduction.").) In short, upon a review of the § 3553(a) factors, the court finds that a reduction in sentence is warranted.[1]

Before accounting for any reduction in sentence, Defendant is currently projected to be released from prison on December 21, 2015. (See id. at 1.) In lieu of resentencing Defendant to a 37-month term of imprisonment (which would end before November 1, 2015, and which could complicate the calculation of Defendant's good time credit), the court sentences Defendant to time-served, effective November 1, 2015. See USSG § 1B1.10(b)(2)(C) ("In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served."); United States v. Vergara, No. 10-CR-113, 2015 WL 867613, at *3 (M.D. Fla. Mar. 2, 2015) (reducing defendant's sentence to 63 months or time-served, whichever is greater, as of November 2, 2015). The court defers to the professional judgment of the Bureau of Prisons regarding Defendant's eligibility for participation in any re-entry programs or transitional services. (See Def. Mot. at 1-2.)

## IV.   CONCLUSION

For the reasons set forth above, the court GRANTS Defendant's motion for reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). Consistent with this Memorandum and Order, the court will issue an Amended Judgment reflecting a sentence of time-served, with an effective

---

[1]  The court also finds that an in-person evidentiary hearing on this motion is not necessary. (See Gov't Resp. at 2; see also Def. Mot. at 2 n.2.)

date of November 1, 2015. The court does not alter any other portion of the June 14, 2013, Judgment (Dkt. 18), including the three-year term of supervised release, the conditions of supervised release, and the $100 special assessment.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
April 27, 2015

NICHOLAS G. GARAUFIS
United States District Judge